**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MADELINE Y. ESTREMERA** | **CIVIL ACTION NO:** |
| vs. | **4:20-cv-40120** |
| **STANDARD INUSRANCE COMPANY** | **SEPTEMBER 18, 2020** |

**COMPLAINT**

COMES NOW, Plaintiff, Madeline Y. Estremera, and makes the following representation to the Court for the purpose of obtaining relief from Defendant's refusal to pay Long-Term Disability benefits due under an employee benefits plan and for Defendant's violation of the Employee Retirement Security Act of 1974 ("ERISA"):

**THE PARTIES**

1. At all times hereinafter mentioned, Plaintiff Madeline Y. Estremera, ("Plaintiff") was and still is a resident of the Commonwealth of Massachusetts, residing in the Town of West Boylston in Worcester County.

2. Upon information and belief, at all times hereinafter mentioned, Defendant Standard Insurance Company (Standard) ("Defendant") is a for-profit corporation incorporated under the laws of the State of Oregon with a principal place of business at 900 SW Fifth Avenue, Portland, Oregon 97204-1282.

3. Plaintiff resides in the District of Massachusetts, Central Division.

**JURISDICTION AND VENUE**

4. Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

5. Venue in the District of Massachusetts is appropriate because Plaintiff resides in this judicial district.

6. Pursuant to 28 U.S.C. §1391(a)(1) and §1391( c ), this action is properly venued in the District of Massachusetts.

## FACTS

7. At all relevant times hereinafter mentioned, Plaintiff was an employee of UMass Memorial Health Care, Inc. ("UMass Memorial").

8. At all relevant times hereinafter mentioned, Plaintiff worked as a Supervisor, Accounts Receivable for UMass Memorial.

9. During Plaintiff's employment with UMass Memorial, Defendant issued long-term disability group policy No. 649315 (hereinafter "the Policy").

10. At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible UMass Memorial employees in exchange for the payment of premiums by UMass Memorial and/or the employees.

11. At all times mentioned herein, Plaintiff was and is an employee eligible for disability benefits and an insured under the Policy issued to UMass Memorial.

12. Said policy issued to UMass memorial provided, among other things, that disability insurance payments will be made to Plaintiff in the event that she becomes disabled due to injury or sickness.

13.     According to the Policy, an insured employee is considered disabled if due to sickness or injury he or she is not able to perform his or her own occupation for a period of 24 months.  After the first 24 months of disability, an insured employee is considered disabled if due to sickness or injury, he or she is not able to engage in any gainful occupation.

14.     On or about March 27, 2017, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

15.     Plaintiff's disability is caused by, among other things, fibromyalgia.

16.     Plaintiff filed an application for long-term disability benefits with a date of disability of March 27, 2017.  Subsequently, Defendant approved the Plaintiff's application for long-term disability benefits.  Plaintiff began receiving long term disability benefits from Defendant on September 23, 2017; once the 180 day elimination period required by the policy had been completed.

17.     The Social Security Adminstration has determined that the plaintiff is eligible for social security disability benefits because she is unable engage in any occupation in the national or regional economy.

18.     On September 25, 2019, Defendant issued a letter to Plaintiff terminating her long-term disability benefits effective September 22, 2019.

19.     On March 17, 2020, Plaintiff filed an administrative appeal of the termination of her long-term disability benefits.

20.     Defendant issued a letter, dated June 4, 2020, denying Plaintiff's administrative

appeal.

21. As of this date, Plaintiff continues to be disabled in that as a result of her medical conditions she is unable to perform any gainful occupation.

22. Despite Plaintiff's continued disability, Defendant has denied benefits to Plaintiff since September 22, 2019 and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

23. Said refusal on the part of Defendant is a willful and wrongful breach of the policy terms and conditions.

24. Monthly benefits to Plaintiff are continuing to be due and payable by Defendant with the passage of each month.

25. Defendant is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim.

26. Defendant's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the failure to perform a medical examination of Plaintiff, the refusal to consider Plaintiff's credible subjective complaints on her ability to work, the failure to consider the Social Security Disability award and the reliance upon a selective review of medical records to reach a result oriented claim determination.

27. Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and prevented Plaintiff from receiving a full and fair review of her claim.

28. Plaintiff has exhausted all administrative appeals and remedies to the extent they are provided under the law.

29.     Plaintiff is entitled to a de novo review of her claim.

WHEREFORE, Plaintiff Madeline Y. Estremera prays that she may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

   a)   Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant in that she is unable to perform any occupation.

   b)   Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest;

   c)   Defendant is obliged to continue to insure the plaintiff under the Group Life Insurance Policy and waive any past and future premiums.

   d)   Defendant's obligation to pay benefits to Plaintiff shall continue as long as she remains disabled, subject to the applicable benefit period in the policy;

   e)   Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

   f)   Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup her attorney's fees, as well as all other costs and disbursements of this action;

   g)   Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

   h)   Such other and further relief as the Court may deem just and proper.

PLAINTIFF

                                                               /S/  Tere Ramos  
Tere Ramos  
BBO#691017  
Ramos Law, LLC  
568 Washington St., Suite 30  
Wellesley, MA 02482  
Tel: (781) 999-1194  
Fax: (617) 249-0761  
tere@ramosdisability.com